UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PAUL BOOKWALTER, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-14-0339 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN DANIEL KEEN, *et al.,* | : | |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.    *Introduction*

On February 25, 2014, petitioner, Joseph P. Bookwalter, filed this pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while housed at the

Franklin County Prison (FCP), in Chambersburg, Pennsylvania.[1]  (Doc. 1, Pet.).  In the

Petition, Bookwalter challenges the legality of his *in absentia* conviction in Perry County for

driving while his license was suspended as a result of a prior incident of operating a motor

vehicle while under the influence of alcohol or another controlled substance, 71 PA. CONS.

STAT. § 1543(b)(1).  *See Commonwealth v. Bookwalter*, No. MJ-413-3-TR-0002719-2011

(Jud. Dist. Perry, Mag. Dist. J. Daniel R. McGuire, November 22, 2011).[2]

The Petition will be denied because Bookwalter does not satisfy the in-

custody requirement for seeking habeas relief.

---

[1]  Bookwalter is currently housed at the State Correctional Institution in Camp Hill,
Pennsylvania.  *See* http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx.

[2]  A copy of the docket sheet in the referenced matter is available through Pennsylvania's
Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

II.     *Background*

   In October 6, 2011, Bookwalter was issued a citation for driving while his

license was suspended related to an offense of driving under the influence (DUI).  A

certified hearing notice was issued on October 11, 2011.  (*Id.*)  On October 14, 2011,

Bookwalter accepted certified service of the Hearing Notice. (*Id.*)  Bookwalter's hearing was

set, noticed for, and held on November 22, 2011.  (*Id.*)  Bookwalter did not appear for his

summary trial.  (*Id.*)

   On November 22, 2011, Magisterial District Judge Daniel McGuire found

Bookwalter guilty of violating 75 PA. CONS. STAT. § 1543(b)(1).  He was ordered to pay a

fine and to be imprisoned for ninety days.  (*Id.*)  Bookwalter served his sentence from April

20, 2012, to July 24, 2012, in the Perry County Prison.  Perry County did not place

Bookwalter on parole.  (*Id.*)  Bookwalter has approximately $1,100.00 in unpaid fines

remaining.  (*Id.*)

   Bookwalter challenges the validity of his conviction because he was found

guilty when neither he nor a lawyer was present on his behalf and because his license was

reinstated in December 2010 but suspended again for non-payment of fines and costs on

the original DUI charge.  (Doc. 1, ECF p. 3).  He also claims the citation was invalid

because his "B-date is wrong on the charges".  (*Id.*)  There is no record of Bookwalter filing

a Summary Appeal to the Court of Common Pleas of Perry County, or the Superior Court of

Pennsylvania.[3]

---

  [3]  *See* https://ujsportal.pacourts.us/DocketSheets/CP.aspx.

On December 27, 2013, Bookwalter was arrested pursuant to a Franklin County parole violation and placed in the Franklin County Prison.  (Doc. 12-22, Franklin Cnty. Prison Intake Paperwork).  While he was incarcerated, Huntingdon County (PA), Washington County (MD), and Perry County (PA) lodged detainers with the Franklin County prison officials.  (Doc. 12-7, Detainers).  Perry County's detainer was based on his unpaid fines in *Commonwealth v. Bookwalter*, No. MJ-413-3-TR-0002719-2011 (Jud. Dist. Perry, Mag. Dist. J. Daniel R. McGuire).  *See* Doc. 1, Pet., ECF p. 11.

On February 28, 2014, three days after he filed the instant petition, Bookwalter was paroled from his Franklin County sentence, and was surrendered to Huntingdon County authorities to face outstanding charges.  He is presently housed at SCI-Camp Hill serving a York County sentence.  There is no evidence in the record, nor does Bookwalter suggest, that he spent any time in custody solely because of Perry County's detainer at the time he filed his 2254 Petition.

III.   *Discussion*

To invoke habeas corpus review under § 2254, the petitioner must satisfy two jurisdictional requirements: the status requirement of being "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925; *see also Spencer v.*

*Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Lee v. Stickman*, 357 F .3d 338, 342 (3d Cir. 2004).  "[C]ustody is the passport to federal habeas corpus jurisdiction.  Without custody, there is no detention.  Without detention , or the possibility thereof, there is no federal habeas jurisdiction." *United States ex rel. Dessus v. Commonwealth of Pa.*, 452 F.2d 557, 560 (3d Cir. 1971).  However, "[t]he meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject to both 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision." *Obado v. New Jersey*, 328 F.3d 716, 718 (2003) (quoting *Barry v. Bergen Cnty. Prob. Dept.*, 128 F.3d 152, 160 (3d Cir. 1997)).

Fine-only convictions are not a sufficient restraint on liberty to constitute "custody" within the meaning of § 2254.  *Obado*, 328 F.3d at 718 ("The payment of restitution or a fine . . .  is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."); *see also United States v. Ross*, 801 F.3d 374, 382 (3d Cir. 2015) (A monetary fine even if "imposed in conjunction with a wrongful conviction — does not amount to 'custody'").  Individuals who can no longer satisfy the "in custody" requirement of § 2254 can seek *coram nobis* relief in state court if they want to challenge the continuing consequences of a state sentence.

A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment.  *See Maleng*, 490 U.S. at 490; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir.1983).  However, when Perry County lodged

4

the detainer against Bookwalter, he already stood convicted of the offense he now seeks to challenge. Thus he was not a pre-trial detainee.

The threshold question in this case is whether Petitioner satisfies the "in custody" requirement under § 2254(a) with respect to the Perry County detainer as he was in Franklin County custody, serving a Franklin County sentence, when he filed the Petition.

While it is true that a district court has jurisdiction under § 2254 to entertain a habeas petition attacking a future sentence of imprisonment imposed by the same sovereign that will not begin until the completion of the current sentence, *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), Bookwalter is not facing a future Perry County criminal proceeding. He is not a pre-trial detainee (at least with respect to his Perry County sentence). At the time of filing this Petition, Bookwalter was already convicted and sentenced in the Perry County Court of Common Pleas. More importantly, Bookwalter had already completed his sentence. His sole remaining obligation to Perry County is the satisfaction of his unpaid fines. As noted above, however, the monetary part of his Perry County conviction cannot satisfy the "in custody" requirement of the federal habeas corpus statutes. *See Ross*, 801 F.3d at 382. Accordingly, Bookwalter is not "in custody" on his Perry County conviction for the purposes of a § 2254 habeas petition, and thus he cannot attack his sentence, including the fines imposed, via this petition.

IV.    *Certificate of Appealability*

The court will issue an order denying Bookwalter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The order will also deny a certificate of appealability based on the analysis in this memorandum. However, Bookwalter is advised

that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see*

28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that the court's denial of a certificate of

appealability does not prevent him from doing so, as long as he also seeks a certificate of

appealability from the appropriate court of appeals. See Fed. R.App. P. 22; 3d Cir. L.A.R.

22.1.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 10, 2015